LOUISE R. WILLIAMS *vs*. THOMAS WILLIAMS.

Franklin.    Opinion January 4, 1886.

*Dower.   Divorced wife.   Demand.   Co-tenants.*

In order to enable a divorced wife to maintain against her former husband an action of dower in an undivided lot of real estate, it is not necessary that her demand for dower should be made upon the co-tenants of her husband.

A demand for dower is not vitiated because it embraced more land than was claimed in the demandant's writ in her action of dower.

The demandant's husband held lands by descent from his father whose widow was entitled to dower therein.   After the demandant's action of dower as a divorced wife was commenced, the widow applied to the probate court to have her. dower assigned.   In proceedings duly had, her dower in all lands was set out and assigned to her in one of the parcels, without objection by her or by the heirs, and the assignment was accepted by the judge of probate. *Held*, that the assignment was valid and binding on the parties, and that it defeated the demandant's right to dower in that parcel.

ON REPORT.

Action of dower by a divorced wife against her former husband.

With respect to one of the parcels in which the plaintiff claimed dower the defendant said that he had conveyed his interest in the same to his mother and that the plaintiff had signed the deed, thereby relinquishing her right of dower in it.   The deed did not purport to have been signed in the presence of any subscribing witness; nor was it acknowledged or recorded; and the plaintiff denied that she signed it.   There did not seem to be any conflict in the evidence with respect to any other material fact; and, after the evidence was closed on both sides, the parties agreed that the jury should find whether or not the plaintiff signed the deed in question and then the whole case should be reported to the law court to render such judgment as the legal rights of the parties required.   The jury found that the plaintiff did not sign that deed, and the defendant filed a motion addressed to the law court to have that finding of the jury set aside as against the weight of evidence.

*Walton and Walton*, for the plaintiff, cited: 1 Scribner, Dower, 327; 2 *Id.* 74; 1 Wash. R. P. 269, 270; 1 Greenl. Cr. R. P. 170; 1 Hilliard, R. P. 581; *Blossom* v. *Blossom*, 9 Allen, 254; 1 Co. Litt. 32, *b.*

Counsel contended that the assignment of dower in the ninth parcel to the defendant's mother was a defense gotten up simply to defeat this action; and that the assignment was not valid because the dower in several different parcels should have been set out separately in each lot and one whole lot could not be taken as and for her dower in all the parcels. *French* v. *Pratt*, 27 Maine, 381; *Jones* v. *Brewer*, 1 Pick. 314.

An assignment by probate court is only binding on those who consent. 2 Scribner, Dower, 71–82; *Barton* v. *Hinds*, 46 Maine, 124.

This plaintiff did not consent, and the consent by her divorced husband, after divorce, could not and ought not to affect her rights. 2 Scribner, Dower, 89, 334, 335; 1 Bright, Hus. and Wife, 352, 353, 366, 388; *Manning* v. *Laboree*, 33 Maine, 346.

*H. L. Whitcomb*, for the defendant.

The demand in this case was for dower in the whole of twenty-eight parcels of real estate. The writ as amended claimed dower in much less number of parcels and in an undivided fourth part. Such a demand was not good. *Ford* v. *Erskine*, 45 Maine, 484.

The demand should have been made on all the tenants of the freehold. R. S., c. 103, § § 16, 20; 1 Wash. R. P. (4 ed.), 199, 198.

This was a joint tenancy and no dower attached. 4 Kent's Com. 357; 2 Black. Com. 180.

Upon the question of the effect of the right to dower of the defendant's mother, counsel cited: *McLeery* v. *McLeery*, 65 Maine, 172; *Cregier* v. *Case*, 1 Barb. Ch. R. 598 (45 Am. Dec. 416); *Safford* v. *Safford*, 7 Paige, Ch. R. 259 (32 Am. Dec. 633); *Eldredge* v. *Forrestal*, 7 Mass. 253; *Brooks* v. *Everett*, 13 Allen, 457; *French* v. *Pratt*, 27 Maine, 381;

*French* v. *Peters*, 33 Maine, 396; *Larrabee* v. *Lumbert*, 36 Maine, 441.

LIBBEY, J. The demandant brings this action as the divorced wife of the tenant to recover her dower in thirteen parcels of land of which she alleges he was seized during coverture.

The tenant objects to the maintenance of the action for want of a sufficient demand. It is claimed that the demand is insufficent because it is a demand of dower in an undivided share of the lands owned by the tenant in common with others and no demand was made on his co-tenants. The statute does not require it. The demand must be made upon the person who is seized of the freehold. The demandant does not seek to recover her dower in the whole of the lands, but in the undivided share of the tenant. He is tenant of the freehold of such share. His co-tenants are not seized of his share as tenants of the freehold. They have no interest in the demandant's claim and no demand on them is required. It is further claimed that the demand was of her dower in the whole of the lands described while in her writ she claims dower in an undivided share only. This objection is not tenable. *Hamblin* v. *Bank of Cumberland*, 19 Maine, 66.

The contention between the parties relates to the demandant's right to dower in the first and ninth parcels described in her writ. There appears to be no controversy in regard to her right to dower in the other parcels; as to the ninth parcel, the homestead of Thomas Williams, deceased father of the tenant, we do not think the demandant dowable. The tenant inherited one-fourth of this, and most of the other parcels described as one of the heirs of his father, who died leaving a widow, Sally G. Williams, and four children. Sally G. Williams had a right to dower in the lands of her deceased husband. The estate taken by the children was subject to that right; and hence the demandant's right to dower is subject to the right to dower of the senior widow. After this action was commenced Sally G. Williams presented her petition to the probate court to have her dower in the lands of which her husband died seized, set out and assigned to her; and upon proceedings duly had therefor

the homestead was set out to her by the commissioners as her dower in all of said lands. The report of the commissioners was accepted and her dower was assigned by the court accordingly. This assignment was in conformity with one of the modes of assigning dower, as between the widow and heirs, recognized by the law of this state and is conclusive upon the parties. *French* v. *Pratt*, 27 Maine, 381; *French* v. *Peters*, 33 Maine, 396.

The land set out to her was land of which she was dowable, and by the assignment, her seizin by relation extends back to the death of her husband, and is a continuation of his seizure. The tenant then was never seized of one-fourth of this land during coverture so as to give the demandant right to dower in it. *McLeery* v. *McLeery*, 65 Maine, 172.

The evidence of the assignment of dower to the senior widow is admissible to disprove the allegation of the seizin of the tenant.

As to the first parcel, the saw mill, the tenant claims that the demandant is dowable of five-sixteenths only, on the ground that she joined with him in a deed of one undivided half thereof to Sally G. Williams, August 8, 1873, releasing her right to dower. The demandant denies the execution of that deed by her and this issue was tried to the jury who found for the demandant. The tenant claims that the verdict should be set aside as against the evidence. The evidence was conflicting and not very satisfactory, but the credibility of the witnesses and the weight that should be given to their testimony were for the jury to determine. Upon a careful examination of the evidence we do not think it preponderates so strongly in favor of the tenant as to justify the court in setting the verdict aside.

> *Judgment for the demandant for her dower in all the lands described in her writ except the ninth parcel.*

PETERS, C. J., WALTON, DANFORTH, FOSTER and HASKELL, JJ., concurred.